IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Brandie Michelle Bishop,<br><br>               Plaintiff,<br><br>vs.<br><br>Greenwood Mills, Inc.,<br><br>               Defendant. | Civil Action No.: 8:12-cv-00552-HMH-JDA<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

Plaintiff, proceeding pro se, filed this action on February 27, 2012. [Doc. 1.] On March 21, 2012, the Court authorized the Clerk of Court to issue the summons and to forward the summons to Plaintiff for service of process. [Doc. 15.] On July 2, 2012, Plaintiff moved for additional time to perfect service, indicating the parties were engaged in negotiations to settle this matter out of court. [Doc. 21.] On July 5, 2012, the Court denied Plaintiff's motion with leave to refile, requesting Plaintiff to confer with Defendant to determine whether Defendant consented to Plaintiff's motion for an extension of time and to indicate in Plaintiff's refiled motion whether or not Defendant consented. [Doc. 23.] Plaintiff failed to refile the motion, but on August 6, 2012, the Court entered an Order directing Plaintiff to perfect service on Defendant and to provide the Court with proof of service within 60 days of the Order. [Doc. 27.] To date, Plaintiff has failed to file anything in response to the Court's Order.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, the 120-day period for service of process was originally set to expire on July 19, 2012, 120 days after the Court issued the summons to Plaintiff for service of process. *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (holding a plaintiff whose complaint is subject to review by the court "should not be penalized for a delay caused by the court's consideration of his complaint"). However, on August 6, 2012, the Court granted Plaintiff an additional 60 days to perfect service of process; therefore, Plaintiff should have perfected service on Defendant and submitted proof of service to the Court by October 5, 2012. Because the Court has allowed Plaintiff an extension of time to perfect service but has not received proof of service on Defendant—and Plaintiff has failed to show good cause for her failure to perfect service, request an extension of time to perfect service, or otherwise indicate that she wishes to continue to prosecute this action[1]—the Court recommends that this action be dismissed against Defendant without prejudice for insufficient service of process.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m).

---

[1] Within the United States Court of Appeals for the Fourth Circuit, there is some question as to whether a complaint must be dismissed if it has not been served within the 120-day period and the plaintiff has not shown good cause for the failure of service. *Compare, e.g.*, *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) (" Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause."), *with Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526–27 (D. Md. 1999) (stating "the continued vitality of *Mendez* is seriously in doubt," in light of the Advisory Committee Notes to Rule 4(m) and the subsequent Supreme Court holding in *Henderson v. United States*, 517 U.S. 654 (1996), which indicate courts have discretion under Rule 4(m) to extend the 120-day service period even if the plaintiff fails to show good cause). This Court has previously recognized that a plaintiff was not required to show good cause for an extension of time to perfect service, the Court extended the 120-day period within its discretion, and the defendant was properly served when service was perfected within the extended period. *Vantage, Inc. v. Vantage Travel Serv., Inc.*, No. 6:08–2765–HMH, 2009 WL 735893 (D.S.C. Mar. 20, 2009). Here, even if Plaintiff was not required to demonstrate good cause for her failure to serve Defendant by the deadline set by the Court, the Court concludes dismissal is proper because Plaintiff has failed to communicate anything to the Court—whether she has perfected service or requires more time to do so or that the parties have reached an out-of-court agreement.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

October 15, 2012
Greenville, South Carolina